# United States District Court
# Central District of California

| | |
|---|---|
| BRITTNEY MEJICO, | Case No. 5:18-cv-02636-ODW (SHKx) |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9]** |
| v. | |
| ONLINE LABELS, INC., a Florida Corporation; and DOES 1–10 inclusive, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Brittney Mejico ("Mejico") moves to remand this action to the Superior Court of California for the County of San Bernadino. (Pl.'s Mot. to Remand ("Mot.") 1, ECF No. 9.) For the reasons that follow, the Court **GRANTS** Mejico's Motion.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2018, Plaintiff filed this action against Defendant Online Labels, Inc. ("Online Labels") in the Superior Court of California for the County of

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

San Bernardino. (*See* Notice of Removal Ex. 1 ("Compl."), ECF No. 1-1.) Through her Complaint, Mejico alleges a single claim for violation of California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code section 51, *et seq.* (Compl. ¶¶ 28–34.)

Mejico is permanently blind and states that Online Labels's website includes barriers that make it difficult for individuals who are visually-impaired to navigate. (Compl. ¶ 7.) As such, Mejico claims that she was denied the full use and enjoyment of Online Labels's website in violation of the Unruh Act. (Compl. ¶ 7.) Mejico seeks statutory damages, attorneys' fees and costs, and preliminary and permanent injunctive relief requiring Online Labels to adopt and implement website accessibility policies to ensure that its website is fully and equally accessible to the visually-impaired. (Compl. ¶¶ 32–34.)

On December 19, 2018, Online Labels filed a Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446, removing this case to federal court based on federal diversity jurisdiction. (Notice of Removal 1–2.) On January 11, 2019, Mejico filed a Motion to Remand on the basis that the amount in controversy is insufficient to warrant removal on diversity grounds. (Mot. 1–2.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See e.g.*, U.S. Const. Art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action filed in state court may be removed to federal district court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441. Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).

Courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Therefore, "federal

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* This "strong presumption" against removal demands that a court resolve all ambiguity in favor of remand to state court. *Id.* (quoting *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

Removal of an action is proper on the basis of an amount in controversy "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). However, a defendant's bald recitation that the amount in controversy exceeds the jurisdiction threshold, "without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke *sua sponte* remand." *Gaus*, 980 F.2d at 567.

In actions seeking non-monetary relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Additionally, where cases are removed from state court to federal court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court." *Gaus*, 980 F.2d at 566 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90, (1983)); *see also Brown v. Citibank USA, N.A.*, No. 2:14-CV-07695-CAS-VBK, 2014 WL 5810333, at *3 (C.D. Cal. Nov. 7, 2014) (internal quotation marks omitted) ("[I]f plaintiff chooses to ask for less than the jurisdictional amount in a state court complaint, absent a showing of bad faith only the sum actually demanded is in controversy even though the pleader's motivation is to defeat removal.").

When evaluating the amount in controversy, the court may consider "facts presented in the removal petition as well as any summary-judgement-type evidence."

*Matheson*, 319 F.3d at 1090 (internal quotation marks omitted). "Conclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090–91. Ultimately, the partying seeking removal must overcome "the 'strong presumption' against removal jurisdiction" by "setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus*, 980 F.2d at 567.

## IV. DISCUSSION

The parties do not dispute complete diversity. (Mot. 3 n.1.) Accordingly, this Motion turns on whether the requisite amount in controversy exists.

Although Mejico explicitly limits the amount in controversy to no more than $74,999, (Compl. ¶ 34), Online Labels may establish that removal is proper if it can prove, by a preponderance of the evidence, that the amount in controversy actually exceeds $75,000. 28 U.S.C. § 1446(c)(2). Here, the amount in controversy includes statutory damages, attorneys' fees and costs, and preliminary and permanent injunctive relief. (Compl. ¶¶ 32–34.)

### A. Statutory Damages

Mejico seeks the statutory minimum damages of $4,000 for each offense under the Unruh Act. (Compl. 3.) Under California Civil Code section 52(a), a plaintiff may recover up to three times the amount of her actual damages, but in no case less than $4,000 for each offense. Online Labels proffers that Mejico will seek at least $12,000 in statutory damages because Mejico claims to have made "several attempts" to access the website. (Opp'n 5–6.) Online Labels reasons that using the term "several," "commonly defined as meaning more than two," shows Mejico's intention to claim damages for at least three offenses. (Opp'n 5–6.)

Online Labels relies on *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1014 (C.D. Cal. Jan. 17, 2014), and *Schutza v. City of San Diego*, No. 3:13-cv-2992-CAB (KSC), 2017 U.S. Dist. LEXIS 116309, at *19 (S.D. Cal. July 24, 2017), to show that federal courts routinely award statutory damages for each offense alleged under the

Unruh Act. (Opp'n 6.) In both *Schutza* and *Vogel*, the plaintiffs received $12,000 in statutory damages after establishing that they encountered barriers on three separate occasions in violation of the Unruh Act. However, the circumstances here are unlike those in *Schutza* or *Vogel*, where the plaintiffs explicitly outlined the separate occasions of each violation. Here, in contrast, Mejico neither states the number of times that she attempted to access Online Labels' website nor gives the dates of said attempts. Instead, she uses the term "several." (Compl. ¶ 26; Opp'n 5–6.) All ambiguity must be resolved in favor of remand, *Gaus*, 980 F.2d at 566, and speculation as to the meaning of "several" demonstrates ambiguity in the term itself. As such, the Court only considers the minimum statutory damages of $4,000 sought in the Complaint for purposes of determining the amount in controversy.

## B. Attorneys' Fees

Online Labels contends that Mejico will likely request attorneys' fees in the range of $67,961.25 to $116,675, but at least in the amount of $96,250. (Notice of Removal ¶¶ 21, 25.) Ordinarily, requests for attorneys' fees cannot be included in the jurisdictional amount. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). However, "where an underlying statute authorizes an award of attorneys' fees, . . . such fees may be included in the amount in controversy." *Id.* But even where attorneys' fees may be included, "[a] district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy [its] burden of proof." *Frish v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

Here, the Court looks to attorneys' fees in similar actions to inform its assessment of the fees likely to be incurred. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (holding that the district court properly considered awards in similar cases when determining the amount in controversy); *cf. Lyon v. W.W. Grainger, Inc.*, No. C 10-00884 WHA, 2010 U.S. Dist. LEXIS 50979, at *14 (N.D. Cal. Apr. 29, 2010) (Defendants can use "similar cases to estimate the cost of

attorney's fees," and this "is sufficient to establish that its estimate is more likely than not correct."). Mejico and Online Labels agree that *Davis v. BMI/BNB Travelware Co. dba Colo. Bag 'n Baggage*, No. DS1504682 (San. Ber. Super. Ct. June 28, 2016), and *Thurston v. Midvale Corp.*, No. BC663214 (L.A. Super. Ct. Oct. 12, 2018) are the only known website accessibility cases where attorneys' fees were awarded. (Mot. 5; Opp'n 7 n. 2.) Additionally, both *Davis* and *Thurston* were litigated by Mejico's counsel—Pacific Trial Attorneys. (*See* Notice of Removal ¶¶ 21–25; Mot. Exs. C, D; Opp'n 7–8.) Therefore, these cases provide even greater insight into the fees likely to be incurred in this matter. In *Davis*, the court awarded $38,818.75 in attorneys' fees where the plaintiff sought $118,932.19, and in *Thurston*, the court awarded $56,645 where the plaintiff sought $116,345.00. (*See* Notice of Removal ¶¶ 22–23; Mot. 5, Exs. C, D.) If these matters are any indication of what can be expected in this case, the attorneys' fees sought will similarly be deemed unreasonable and reduced accordingly.

Additionally, the request for attorneys' fees, at this point, are highly speculative. The trajectory of this matter is unknown, and it is also unknown how much has already been spent in this litigation. While the attorneys' fees granted in *Davis* and *Thurston* are informative, other than involving website accessibility claims by visually impaired plaintiffs, there is no information as to how those cases are factually similar to this matter. (*See* Notice of Remand Removal ¶¶ 21–24.) Further, Online Labels estimates attorneys' fees ranging between $67,961.25 to $116,675 but does not explain the difference of $48,713.75 between these values. (Notice of Removal ¶ 21.) Online Label then declares that Mejico will seek at least $96,250. (Notice of Removal ¶ 25.) This does not satisfy online Labels' burden. An award of attorneys' fees remains highly speculative based on Online Labels' range of estimates and its conclusory statements about attorneys' fees in other cases (and the subsequent reductions). Therefore, the Court will not consider attorneys' fees in the amount in controversy.

## C. Injunctive Relief

When seeking injunctive relief, the value of the object of the litigation is deemed the amount in controversy, *Hunt*, 432 U.S. at 347, and "the potential cost to the defendant of complying with the injunction . . . represents the amount in controversy for jurisdictional purposes." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). Online Labels argues that because it is solely responsible for the cost of remediation, Mejico "cannot demand extensive and ongoing injunctive relief, while at the same time arbitrarily limiting the cost of the relief sought. Rather, Online Labels is required to spend whatever is necessary to remove the barriers [Mejico] alleges." (Notice of Removal ¶ 28.)

Here, Online Labels includes bids from two vendors that specialize in website accessibility as evidence of the scope and cost of the work required. (Opp'n 10; Decl. of David Carmany ("Carmany Decl.") ¶ 3, ECF No. 12-1.) While these bids may be relevant to the amount in controversy, they are not dispositive. *See, e.g.*, *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997) (holding that a judicial admission may establish the amount in controversy). In reliance on the bids, Online Labels estimates that in addition to the $18,500 already spent directly on remediation, complying with an injunction would cost the company an additional $46,450 to $80,680 (depending on the vendor); thereby bringing the value of preliminary and permanent injunctive relief to at least $64,950.[2] (Carmany Decl. ¶¶ 4–6.)

Despite providing seemingly similar services—an initial audit, training, remediation, and ongoing support—there is a difference of $34,230 between the vendors' estimates. Online Labels does not justify this price variation. However,

---

[2] The Court arrives at $64,950 by adding the $18,500 already spent with the $46,450 estimate for complying with an injunction. (*See* Opp'n 10.)

even if the Court were to rely on Online Labels's valuation of $64,950, when combined with the $4,000 in statutory damages, this would still be insufficient to satisfy the jurisdictional minimum.

In light of the standard of construing the removal statute against removal, Online Labels has not made a sufficient showing to invoke this Court's jurisdiction.

## V. CONCLUSION

For the foregoing reasons, Mejico's Motion to Remand for Lack of Subject Matter Jurisdiction is **GRANTED**. This action is remanded to the Superior Court of California for the County of San Bernardino, case number CIVDS1829057, located at 247 West Third Street, San Bernardino, CA 92415.

**IT IS SO ORDERED.**

July 12, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**